**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ryan Hunter JENSEN, Defendant— Appellant.**

No. 05–30180.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2006.

Decided Feb. 7, 2006.

Aaron N. Lucoff, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Thomas M. Monaghan, Esq., Federal Defenders of Eastern Washington & Idaho, Boise, ID, for Defendant–Appellant.

Before: KLEINFELD and GRABER, Circuit Judges, and RAFEEDIE,* District Judge.

### MEMORANDUM **

Ryan Hunter Jensen appeals his convictions for a violation of 21 U.S.C. § 841(a)(1), possession of a controlled substance with the intent to distribute, and a violation of 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime, arguing that the police officers lacked a reasonable suspicion to detain him and that the district court therefore erred in denying his motion to suppress. We affirm.

The determination of whether a seizure exceeds the bounds of an investigatory *Terry*[1] stop and becomes an arrest is reviewed *de novo.*[2] First, Jensen argues

---

* The Honorable Edward Rafeedie, Senior District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

2. *See United States v. Miles,* 247 F.3d 1009, 1012 (9th Cir.2001).

that the officers' restraint of him rose to the level of an arrest that was unsupported by probable cause. Jensen concedes, however, that the police were justified in detaining him initially while they determined whether he or his companion was Joseph Paris, a man with an outstanding arrest warrant known to be armed and dangerous. Under the circumstances, the officers' actions of approaching the two men with their weapons drawn and immobilizing Jensen, while Paris acted erratically and disobeyed the officers' orders, were reasonable measures taken to neutralize the risk that either of the men might harm them or the other occupants of the hotel.[3] Such actions did not exceed a lawful *Terry* stop.

■ Second, Jensen argues that Officer Porupsky's question regarding his possession of needles, knives, or weapons unreasonably prolonged his detention. Although Officer Porupsky knew that Jensen was someone other than Paris at the time he posed the question, the likely presence of other occupants in the hotel at 5 a.m., the dimly lit hallways of the hotel, Paris's erratic behavior, and Jensen's presence with a man known to be armed and dangerous could have led the officers to reasonably believe that Jensen continued to pose a threat to the safety of the situation even while Paris was being taken into custody.[4]

■ Lastly, the district court did not err in refusing to consider Officer Porupsky's testimony regarding his intentions in denying Jensen's motion to suppress. Whether a police detention is an arrest or an investigatory stop "depends on what the officers *did*, not on how they *characterize* what they did."[5]

**AFFIRMED.**

---

**3.** *See United States v. Alvarez,* 899 F.2d 833, 838 (9th Cir.1990).

**4.** *Id.*

**5.** *Gallegos v. City of Los Angeles,* 308 F.3d 987, 992 (9th Cir.2002).

